THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VERONICA HERRING**                                                                     **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO.:** 1:19-cv-225-LG-RHW

**ALL ABOUT PAINTING AND CLEANING, INC.; AND**
**MICHAEL L. WOODCOCK, INDIVIDUALLY**                        **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

      **COMES NOW** Plaintiff Veronica Herring and brings this action against her former employer, Defendants, All About Painting and Cleaning, Inc., and Michael L. Woodcock, Individually. Plaintiff is seeking monetary, declaratory relief and injunctive relief. As more specifically set forth below, Plaintiff has been subjected to violations of her rights under the Fair Labor Standards Act, including both a Minimum Wage and an Overtime Violation. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.     Plaintiff, Veronica Herring, is an adult resident of Harrison County, Mississippi.

2.     Defendant, All About Painting and Cleaning, Inc. is a Florida corporation doing business in Mississippi and may be served with process through its registered agent: Michael L. Woodcock, 2172 W Nine Mile Road, 379, Pensacola, FL 32534.

3.     Defendant, Michael L. Woodcock is an adult resident of the State of Florida and may be served with process at his place of business: 2172 W. Nine Mile Road, 379, Pensacola, FL 32534.

4.     This Court has federal question jurisdiction and venue is proper in this court.

5. Plaintiff timely files this cause of action within the appropriate statute of limitations for claims arising under the FLSA.

## STATEMENT OF FACTS

6. Plaintiff is a 42-year old female from Harrison County. She was hired by Defendants as a Painter on June 7, 2015.

7. While working with this company, Plaintiff worked almost exclusively at a Navy base in Gulfport, Mississippi. She also worked briefly at some military housing in Slidell, Louisiana.

8. Defendants have a contract with the federal government and have painters and cleaners working in approximately eight to ten military bases in Mississippi, Florida, Alabama, Louisiana, and possibly other nearby states. Upon information and belief, Defendants work exclusively for their contracted partner, the federal government.

9. When an employer has a contract with the federal government, the company must ensure that its employees are being paid in compliance with certain federally established rates pursuant to the Davis-Bacon Act.

10. In mid to late January 2019, Plaintiff voiced a complaint to her Supervisor, Kristy Aka/Brown (Aka is her maiden name; Brown is her married name) that her paycheck seemed short.

11. When Michael L. Woodcock, President of Defendant, was notified of this complaint, he told Aka/Brown that no one should be discussing their paycheck with anyone else, and he wanted Aka/Brown to terminate Plaintiff immediately.

12. Aka/Brown told Plaintiff that she felt this was unfair, so she just wrote up Plaintiff instead, but Plaintiff felt the situation could only get worse and she decided to resign.

13. About a week after resigning from Defendants, Plaintiff filed a complaint with the US Department of Labor: Wage and Hour Division.

14. Specifically, Plaintiff reported that for the past two and a half years she had worked averaging approximately 65 hours per week (i.e., sometimes as little as 50 hours per week, sometimes as much as 80 hours per week, but generally in the 65-hour per week range). Defendants, however, would record her hours usually between 35 and 40 hours per week.

15. Also, rather than paying her a set rate per hour, Defendants would pay her per job. Thus, in a two-week pay period, she would generally be paid anywhere between $800 and $1600 and her "Recorded Hours" were usually listed between 70 and 80. The recorded hours on her paychecks were never listed as high as what Herring contends, which is that she averaged, i.e., 130 hours per pay period.

16. By documenting in this fashion, Defendants avoided paying overtime and represented Herring as making a higher per hour rate than was actually the case. Even when Defendants paid Herring as much as $1600 in a two-week period, if she worked 130 hours in that time frame, then her per hour rate was still about $12.31, which is far below the rate established pursuant to the Davis-Bacon Act.

17. As of March 27, 2019, the US Department of Labor Wage and Hour Division has reportedly not begun their investigation.

## CAUSES OF ACTION

## COUNT I - VIOLATION OF THE FLSA – MIMIMUM WAGE VIOLATION

18. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 17 above as if fully incorporated herein.

19. The Defendants violated the FLSA by putting falsely low "Recorded Hours" on Plaintiff's paystubs. Plaintiff worked an average of 65 per week but Defendants falsely listed her recorded hours worked as generally around 35-40.

20. By documenting in this way, Defendants made it look as though Plaintiff was making a higher rate per hour of pay than she actually was. Plaintiff's actual rate per hour of pay was well below the federally established amount she was to be paid pursuant to the FLSA.

21. The unlawful actions of the Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II – VIOLATION OF THE FLSA – OVERTIME VIOLATION

22. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 21 above as if fully incorporated herein.

23. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all hours over forty (40) hours worked in a given week.

24. Plaintiff worked an average of 65 hours per week during the time she worked for the Defendants. Defendants only paid Plaintiff for 35-40 hours per week and did not pay Plaintiff overtime as required by the FLSA.

25. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one-and-one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week.
29 U.S.C. § 207(a).

26. Plaintiff was not paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ her regular rate of pay.

27. The acts of the Defendants constitute a willful intentional violation of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Overtime and minimum wages;
2. Liquidated damages;
3. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under the FLSA; and,
4. Such further relief as is deemed just and proper.

THIS the 5th day of April 2019.

                                  Respectfully submitted,
                                  VERONICA HERRING, PLAINTIFF

By: *[signature]*
                                  Louis H. Watson, Jr. (MB# 9053)
                                  Nick Norris (MB# 101574)
                                  Attorneys for Plaintiff

OF COUNSEL:

Watson & Norris, PLLC
1880 Lakeland Dr., Suite G
Jackson, Mississippi 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com